Filed 4/27/26  P. v. Rojas CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B340981 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA106713) |
| v. | |
| ROBERTO A. ROJAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Roberto Rojas appeals from a restitution order entered after a plea. Rojas's appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking us to review the record independently.

The matter is from a plea, so the background is from the preliminary hearing. The evidence at the hearing showed that on February 6, 2022, Rojas was driving his car at a high speed, he crashed the car into a dirt hill, and the car ended up in incoming traffic, where it hit and killed motorcyclist Mark Kanights. The speed limit where the crash occurred was 40 miles per hour, but Rojas was driving his car at approximately 86 miles per hour. The trial court found sufficient evidence to hold Rojas to answer on vehicular manslaughter (Pen. Code,[1] § 192, subd. (c)(1)). The People filed an information charging Rojas with that crime.

The trial court thereafter denied Rojas's request to reduce the charge to a misdemeanor under section 17, subdivision (b).

On February 6, 2024, Rojas pled no contest to felony vehicular manslaughter, and the trial court sentenced him to the low term of two years in prison.

At a subsequent victim restitution hearing, the victim's spouse produced receipts showing that she had spent $6,633 for therapy, $4,466.37 for a memorial service, and $3,979.35 for catering for the service. The defense stipulated to all amounts except the $3,979.35. The trial court, however, found that the amount spent catering the victim's memorial service was reasonably related to Rojas's criminal conduct and to funeral

---

[1] All further undesignated statutory references are to Penal Code.

2

expenses.  The trial court accordingly ordered Rojas to pay $15,078.72.

Rojas filed a notice of appeal from the "item of restitution in the sum of $3,979.35."  Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Wende, supra,* 25 Cal.3d 436.  We directed appellant's counsel to send Rojas the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Rojas could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider.  Rojas did not submit a supplemental brief.

A trial court "shall" order a defendant convicted of a crime to pay restitution to the victim for an economic loss.  (§ 1202.4, subd. (f).)  We review restitution awards for an abuse of discretion.  (*People v. Fortune* (2005) 129 Cal.App.4th 790, 794.)  The trial court here did not abuse its discretion by ordering Rojas to pay restitution for the catering for the victim's memorial service.  (See *People v. Rojas* (2023) 95 Cal.App.5th 48, 59 [upholding restitution order directing defendant to pay burial expenses]; § 1202.4, subd. (f)(4)(B).)

We have examined the record and are satisfied no arguable issues exist and Rojas's attorney has complied with the responsibilities of counsel.  (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende, supra*, 25 Cal.3d at pp. 441–442.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ADAMS, J.                    HANASONO, J.

4